UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

CYNTHIA E. FOXWORTH,

                     Plaintiff,

v.                                          Civil Action No. 3:13–CV–291

UNITED STATES OF AMERICA,

                     Defendant.

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant United States of America's ("Government") Motion to Dismiss ("Motion"). *Pro se* Plaintiff Foxworth brings suit against the United States seeking relief for a perceived breach of contract arising from a 2005 settlement agreement. Upon due consideration and for the reasons that follow, the Court GRANTS the Government's Motion to Dismiss.

### I.

In 2005, Plaintiff Cynthia Foxworth brought a civil action in this Court against Defendant United States of America under the Federal Tort Claims Act ("FTCA") (Case No. 3:05-CV-643). In that action, Foxworth alleged that she contracted hepatitis C due to the medical malpractice of the medical staff at the Naval Regional Hospital in Philadelphia, Pennsylvania. The parties voluntarily settled in 2006, and this Court entered an order of dismissal with prejudice on December 22, 2006. That order provided, in its entirety: "Pursuant to the Stipulation for Dismissal *With Prejudice* between the plaintiff and the United States of

America, it is hereby ORDERED that the above-captioned case is DISMISSED WITH PREJUDICE, with each party bearing its own fees, costs, and expenses."

In the stipulated settlement agreement, the United States agreed to pay Foxworth $350,000 in the form of a $130,000 cash payment, which included attorney's fees and costs, and a $220,000 annuity contract. (Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Pursuant to 28 U.S.C. § 2677 ¶ 3.) ("Settlement Agreement") The settlement also provided:

> It is the understanding of counsel of record for the defendant, based upon communication from the Regional Counsel's Office for the Department of Veterans Affairs, that the Veteran's Administration, CHAMPVA, or any agency or unit thereof responsible for the medical treatment of the Plaintiff will not pursue any liens or set-offs for the Plaintiff's past or future medical care arising from the subject matter of this action.

(Settlement Agreement ¶ 9). Foxworth agreed to dismiss the complaint with prejudice.

In 2010, Foxworth filed a *pro se* complaint with this Court ostensibly seeking specific performance of the Settlement Agreement and guaranteeing Foxworth medical treatment at the McGuire Veterans Hospital even after her primary insurance carrier switched from the Civilian Health and Medical Program at the Department of Veterans Affairs ("CHAMPVA") to Medicare at age sixty-five. The Court construed Foxworth's complaint as a breach of contract claim, and on the Government's motion, dismissed the complaint for lack of jurisdiction. *Foxworth v. United States*, 2010 U.S. Dist. LEXIS 106759 (E.D. Va. Oct. 6, 2010).

In Foxworth's current Complaint, she again asserts a contract claim based on the Settlement Agreement. Foxworth appears to allege that the prescription drug copays required by Medicare, and the cost sharing required by CHAMPVA—which is now her secondary insurance provider—constitute "liens or set-offs" and, therefore, violate the terms of the Settlement Agreement. In her initial filing, Foxworth initially requested both declaratory relief and $20,000

in damages. However, subsequent to the Government's submissions, Foxworth attempted to amend the monetary damages award initially sought, ultimately foregoing damages altogether.

## II.

Rule 12 of the Federal Rules of Civil Procedure allows a defendant to raise a number of defenses to a complaint at the pleading stage, including lack of jurisdiction and failure to state a claim. The standard used to evaluate each defense varies. While a court must typically construe the pleadings of a *pro se* plaintiff liberally, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a court considering a motion to dismiss must still evaluate the *pro se* plaintiff's pleadings according to the standards developed under Rule 12.

A motion to dismiss for lack of subject matter jurisdiction may attack the complaint on its face, asserting that the facts alleged are insufficient, even when presumed to be true. Fed R. Civ. P. 12(b)(1); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (discussing the two types of 12(b)(1) challenge). When a defendant moves for dismissal pursuant both to Rule 12(b)(1) and also to other Rule 12 defenses, the court resolves the 12(b)(1) motion first, because if the court lacks jurisdiction, the remaining motions are moot. *See Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006).

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). As such, a defendant may properly raise preclusion as a grounds for granting a Rule 12(6)(b) motion to dismiss. *See Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 44 (4th Cir. 1990). A court ruling on a Rule 12(b)(6) motion must accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in

addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff, *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

### III.

A. AMENDMENTS TO THE COMPLAINT

As a preliminary matter, the Court must determine whether Foxworth's subsequent filings constitute amendments to the Complaint. In her Opposition to the Government's Motion ("First Opposition") filed on July 25, 2013, Foxworth indicates that she "wants to **revise** the sum of $20,000.00 to $9,999.00." On September 5, 2013, Foxworth filed another document—styled "Opposition to Defendant's Memorandum of Motion to Dismiss" ("Second Opposition")—subsequent to the Government's submission of a reply brief. In the Second Opposition, Foxworth again attempts to amend her *ad damnum* clause and forgo monetary damages entirely. Liberally construed, these filings might constitute Foxworth's attempts to amend her Complaint. *See* Fed. R. Civ. P. 8(e); *Erickson*, 551 U.S. at 94.

Foxworth's First Opposition, although not styled as an amendment to the Complaint, states that "Plaintiff wants to **revise** the sum of $20,000.00 to $9,999.00 as stated under the Little Tucker Acts." Rule 15 of the Federal Rules of Civil Procedure allows a party to amend a Complaint within "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Foxworth filed her First Opposition on July 25, 2013, thirteen days after the Government filed its Motion on July 12, 2013. Foxworth's attempted revision appears to be an effort to remedy the jurisdictional bar raised by the Government's Motion.[1]

Because Foxworth's First Opposition was filed within twenty-one days of the Government's Motion and because it appears to request an amendment to the damages

---

1 The Government asserts that because Foxworth's Complaint seeks money damages in excess of $10,000, it can be brought "if at all, in the Court of Federal Claims."

requested in the Complaint, the First Opposition will be construed as an amendment to the Complaint, made as of right pursuant to Rule 15(a)(1)(B).[2] Accordingly, Foxworth's Complaint is construed as seeking monetary damages in the amount of $9,999.00, as well as declaratory relief either in the form of specific performance or interpretation of the Settlement Agreement.[3]

B. MOTION TO DISMISS

Foxworth's current claim differs somewhat from the 2010 lawsuit and, as such, is not barred by the doctrine of res judicata. However, the Court lacks jurisdiction over Foxworth's current claim for the reasons that follow. Additionally and alternatively, the Court finds that Foxworth has failed to state a claim because the asserted provisions in the Settlement Agreement do not constitute legally enforceable obligations and because Foxworth's prescription costs do not constitute "liens and set-offs" within the meaning of the Settlement Agreement.

    a. *Lack of Jurisdiction*

To the extent that Foxworth has brought a contract action seeking specific performance, the Court lacks jurisdiction to hear Foxworth's claim. Contract actions, if brought in federal district court and asserted against the United States, are subject to the limited waiver of sovereign immunity prescribed in the Little Tucker Act, 28 U.S.C. § 1346(a)(2). *See, e.g.*, *United States v. Dalm*, 494 U.S. 596, 608 (1990) ("[T]he United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define

---

[2] Foxworth also submitted a Second Opposition attempting to "amend[] her Opposition to Motion to Dismiss by decreasing the ad damnum value to *zero dollars*." Rule 15 allows only one amendment as a matter of course, but allows additional amendments with the court's leave. Fed. R. Civ. P. 15(a)(1)(B)-(2). The Court freely gives leave to amend when justice so requires; however, the amendment embodied the Second Opposition, if construed as a successful amendment of the Complaint, would not change the analysis or disposition of Foxworth's claim.

[3] The Complaint contains language that can be interpreted as seeking specific performance: "I am requesting the United States District Court, Richmond, Virginia to eliminate me from being responsible [sic] the liens and offsets according to the annuity agreement." However, the Second Opposition also contains language that can be interpreted as seeking only a declaration interpreting the terms of the Settlement Agreement: "The issues for this filing is 'cost share', co-payments' and out-of pocket' expenses." At the hearing held on October 7, 2013, Foxworth again seemed to indicate that she sought only a declaration that the out-of-pocket expenses incurred in obtaining prescription medications constituted "liens and set-offs" within the meaning of the Settlement Agreement. However, the form of declaratory relief sought by Foxworth does not change the analysis or disposition of Foxworth's claim.

that court's jurisdiction to entertain the suit." (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)) (internal quotation marks omitted)). The Government also notes that numerous circuits have held that the Little Tucker Act impliedly forbids federal courts from ordering specific performance for contract claims against the government. *See, e.g., Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1082 (10th Cir. 2006) (collecting cases). As such, this Court does not have jurisdiction to specifically enforce the Settlement Agreement.

To the extent that Foxworth has brought a contract action seeking money damages, the Court lacks jurisdiction to hear Foxworth's claim. The Fourth Circuit has held that a settlement agreement may not be enforced by a court unless the agreement has been "incorporated into an order of the court, or, at the time the court is requested to enforce the settlement agreement, there exists some independent ground upon which to base federal jurisdiction." *Columbia-Amer. Disc. Grp. v. Atlantic Mut. Ins.*, 203 F.3d 291, 299 (4th Cir. 2000) (quoting *Fairfax Countywide Citizen Assn. v. Fairfax Cnty.*, 571 F.2d 1299, 1303 (4th Cir. 1978)). If a settlement agreement itself does not authorize money damages for breach of the agreement, a court in the Fourth Circuit does not have jurisdiction to grant such relief. *See Frahm v. United States*, 492 F.3d 258, 261-62 (4th Cir. 2007) (affirming dismissal of a suit seeking money damages for the government's breach of a settlement agreement because—despite the waiver of sovereign immunity for contract breaches in the Tucker Act—neither the agreement nor any statute explicitly authorized money damages for breach of a settlement agreement). These cases provide two further reasons that the Court does not have jurisdiction to entertain any claim by Foxworth either seeking enforcement of, or requesting damages for breach of, the Settlement Agreement.

Finally, to the extent that Foxworth has brought a contract action seeking only a declaratory judgment interpreting the terms of the Settlement Agreement, the Court lacks jurisdiction to hear Foxworth's claim. The Tucker Act allows a court to award equitable relief only when it is "incident of and collateral to" a money judgment. 28 U.S.C. § 1491(a)(2). While a

plaintiff may seek nonmonetary relief for certain claims in district court, there must be an independent jurisdictional basis for such a claim. *See Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 210 (4th Cir. 1992). Absent an independent jurisdictional basis, this Court, like the Court of Federal Claims, is not empowered to issue declaratory judgment against the United States. *See United States v. King*, 395 U.S. 1, 4-5 (1969). As previously explained, this Court has no jurisdictional basis to award Foxworth a money judgment based on the Settlement Agreement and, therefore, cannot award collateral equitable relief; this Court also lacks an independent jurisdictional basis to grant Foxworth declaratory relief regarding the Settlement Agreement.

For these reasons, the Court must dismiss Foxworth's claim for lack of subject matter jurisdiction regardless of whether it seeks specific performance, money damages, or other declaratory relief.

### b. *Failure to State a Claim*

Alternatively, to the extent Foxworth has asserted breach of the Settlement Agreement, the Complaint fails to state a claim upon which relief may be granted and, therefore, will be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Court previously considered the merits of Foxworth's substantially similar 2010 claim, and its reasoning is applicable here:

> Under Virginia law, a party claiming breach of contract must establish three elements to prevail: (1) a legally enforceable obligation under a contract, (2) a breach of that obligation, and (3) injury or damages to the plaintiff flowing from that breach. E.g., Eplus Technology, Inc. v. Nat'l R.R. Passenger Corp., 407 F. Supp. 2d 758, 761 (E.D. Va. 2005). In the instant case, the Plaintiff fails to show that the Settlement Agreement established a legally enforceable obligation for the United States to ensure her treatment at a specific location. Rather, the plain language of the agreement provides that "[c]ounsel of record for the defendant will utilize their best efforts to ensure that any future medical treatment . . . will be performed by and at the McGuire Veteran's facility" (emphasis added) This statement of intent does not rise to the level of legally enforceable obligation. . . .
>
> For these reasons, the Complaint appears to fail to state a claim upon which the Court can grant relief. Thus, the Court likely would have granted the

>Motion to Dismiss pursuant to Rule 12(b)(6) upon a finding of subject-matter jurisdiction.

*Foxworth v. United States*, 2010 WL 3938267, at *4-5 (E.D. Va. Oct. 6, 2010).

Although Foxworth's current claim is based on a different provision of the Settlement Agreement, the Court's reasoning is still applicable. The Complaint asserts that Foxworth's prescription co-pays and out-of-pocket expenses are in violation of the Settlement Agreement, specifically, paragraph nine. This paragraph states:

>It is the understanding of counsel of record for the defendant, based upon communication from the Regional Counsel's Office for the Department of Veterans Affairs, that the Veteran's Administration, CHAMPVA, or any agency or unit thereof responsible for the medical treatment of the Plaintiff will not pursue any liens or set-offs for the Plaintiff's past or future medical care arising from the subject matter of this action.

(Compl. Ex. 3, at 8.)

Paragraph nine provides only the understanding of the Government's counsel and, therefore, does not constitute a legally enforceable obligation. Even if Foxworth's cost-share, co-payments, and out-of-pocket expenses constitute "liens" or "set-offs" within the meaning of the Settlement Agreement, paragraph nine contains only a hollow recitation of counsel's "understanding," which is unenforceable against the United States.

However, Foxworth has additionally failed to show that her prescription costs and the cost sharing required by CHAMPVA constitute "liens" or "set-offs" within the meaning of the Settlement Agreement. These terms have specific, legal meanings. A lien is defined as "a legal right or interest that a creditor has in another's property, lasting usually until a debt or duty that it secures is satisfied." Black's Law Dictionary (9th ed. 2009). A setoff is defined as "a debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor." Black's Law Dictionary (9th ed. 2009).

In the context of the Settlement Agreement, liens and setoff are prohibited with regard to the annuity created pursuant to the Settlement Agreement. The annuity provides Foxworth with

$2,215.00 per month for the remainder of her life. In the context of the Settlement Agreement, a lien against the annuity would entitle another person to all or some portion of Foxworth's monthly annuity payments. Similarly, a set-off against the annuity would allow the annuity company to decrease Foxworth's monthly annuity payment by some amount or eliminate it entirely.

In contrast, Foxworth's Complaint asserts only that she is required to pay out of pocket expenses pursuant to the statutes and regulations governing CHAMPVA cost-sharing. *See* 38 C.F.R. § 17.274. The provision regarding CHAMPVA's annual catastrophic cap, provides,

> (a) With the exception of services obtained through VA facilities, CHAMPVA is a cost-sharing program in which the cost of covered services is shared with the beneficiary. CHAMPVA pays the CHAMP-VA determined allowable amount less the deductible, if applicable, and less the beneficiary cost share. . . .
>
> (c) To provide financial protection against the impact of a long-term illness or injury, a calendar year cost limit or "catastrophic cap" has been placed on the beneficiary cost-share amount for covered services and supplies. Credits to the annual catastrophic cap are limited to the applied annual deductible(s) and the beneficiary cost-share amount. Costs above the CHAMPVA-allowable amount, as well as costs associated with non-covered services are not credited to the catastrophic cap computation. After a family has paid the maximum cost-share and deductible amounts for a calendar year, CHAMPCA will pay allowable amounts for the remaining covered services through the end of that calendar year. . . . [T]he cap on cost sharing is $3,000 per CHAMP-VA eligible family.

38 C.F.R. § 17.274. Based on the legal definitions of "lien" and "setoff," and the application of these terms to creation of an annuity, this Court cannot interpret the Settlement Agreement as a blanket prohibition on Foxworth's out-of-pocket contributions to prescription and medical co-pays and cost-sharing schemes.[4]

---

4 Rather than assert that the CHAMPVA policy breaches the Settlement Agreement, Foxworth should take comfort in it. At the hearing held on October 7, 2013, the Government represented that CHAMPVA provides Foxworth with secondary insurance. As such, its catastrophic cap applies to covered medical and prescription costs that Foxworth is required to pay for out-of-pocket. If the Government's representation is correct, CHAMPVA's catastrophic cap should cover Foxworth's annual prescription and medical care costs that exceed the cap of $3,000.00

Accordingly, even if the Court found jurisdiction to be proper, Foxworth's Complaint fails to state a claim upon which relief can be granted. Dismissal is appropriate, therefore, on alternative grounds pursuant to Rule 12(b)(6).

## IV.

For the foregoing reasons, the Court GRANTS the Government's Motion to Dismiss.

Let the Clerk send a copy of this Memorandum to Plaintiff Foxworth and all counsel of record. An appropriate Order will accompany this Memorandum Opinion.

It is SO ORDERED.

> _____/s/_____
> James R. Spencer
> United States District Judge

ENTERED this ___16th___ day of October, 2013.